UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joseph Emerson,                                  Case No. 3:20 CV 1634

           Plaintiff,                         JUDGE JAMES G. CARR

    v.

                                                 OPINION AND ORDER

Federal Bureau of Investigation,

          Defendant.

      *Pro se* Plaintiff Joseph Emerson filed this action in the Toledo Municipal Court against the Federal Bureau of Investigation ("FBI"). Defendant removed the case to federal court and filed a Motion to Dismiss (Doc. No. 4). The Complaint consists entirely of rambling, incoherent, stream-of-consciousness narrative. Plaintiff also filed a supplement written in the same manner. Because the Complaint does not include a lucid statement of fact or an identifiable legal claim, the Court need not address the Motion to Dismiss.

      A district court may, at any time, *sua sponte* dismiss a Complaint when the allegations of the Complaint "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 436-37 (1974)); *see Hassink v. Mottl*, 47 Fed.Appx. 753, 755 (6th Cir. 2002) (holding that district court properly dismissed the case *sua sponte* for lack of subject matter jurisdiction where the plaintiff's complaint lacked an arguable basis in law). Because Plaintiff has not included any element of a Complaint needed to meet basic notice pleading requirements, this action is dismissed.

Furthermore, Plaintiff is a familiar litigant in the Northern District of Ohio. He filed eleven actions prior to this one, which were all dismissed as frivolous. *See Emerson v. Local 50 Northwestern Ohio Plumbers and Pipefitters*, No. 3:15-cv-02074 (N.D. Ohio Nov. 17, 2015); *Emerson v. Chrysler Headquarters et al*, No. 3:18-cv-02137 (N.D. Ohio Jan. 11, 2019); *Emerson v. Hilton Worldwide Global Headquarters et al,* No. 3:18-cv-02796 (N.D. Ohio Jan. 11, 2019); *Emerson v. Dept. of Public Utilities*, No. 3:19-cv-00351 (N.D. Ohio July 31, 2019); *Emerson v. Williams et al,* No. 3:19-cv-00365 (N.D. Ohio Jan, 2, 2020); *Emerson v. Beal*, No. 3:19-cv-00366 (N.D. Ohio Mar. 11, 2019); *Emerson v. CBS Headquarter et al,* No. 3:19-cv-00414 (N.D. Ohio May 29, 2019); *Emerson v. Myler,* No. 3:19-cv-00425 (N.D. Ohio Dec. 30, 2019); *Emerson v. Hebb,* No. 3:19-cv-00460 (N.D. Ohio Mar. 28, 2019); *Emerson v. City of Monroe et al*, No. 3:19-cv-00461 (N.D. Ohio Dec. 30, 2019); *Emerson v. Facebook et al,* No. 3:19-cv-00475 (N.D. Ohio Mar. 19, 2019). Due to his pattern if vexatious litigation, he has been barred from proceeding with a new action unless he pays the full filing fee. He is barred from proceeding *in forma pauperis*. *Emerson v. Facebook et al,* No. 3:19-cv-00475 (N.D. Ohio Mar. 19, 2019). Undeterred, he filed this case in state court from which Defendant removed it.

It is therefore necessary to impose further filing restrictions on Plaintiff. He is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court from the Chief Judge or the Miscellaneous Duty Judge in accordance with the following:

> 1.   He must file a Motion Pursuant to Court Order Seeking Leave to File with any document he proposes to file and he must attach a copy of this Order to it (any such Motion should be filed in a miscellaneous case).
>
> 2.   As an exhibit to any Motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by his in this or any other court, (2) the

        claim or issue is not frivolous, and (3) the document is not filed in bad faith.

        3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by him or on his behalf in any Court against each and every Defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.

        4. As a third exhibit to the Motion, he must provide a copy of each Complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The Court may deny any Motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the Motion is denied, the document shall not be filed. Further, Plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any Motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly. If Plaintiff files the action in state court and it is removed to federal court by the Defendant, it will be dismissed without further notice by the Court unless Plaintiff immediately files the Motion for leave to proceed and attaches the three exhibits as set forth above.

Further, to prevent future harassment by Plaintiff and the waste of this Court's limited resources, the Clerk's Office is hereby ordered that it shall not accept any document submitted by Plaintiff prior to him obtaining leave to file. The Clerk's Office shall not file any Motion for leave unless it is *specifically identified* as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains the attachments required by this Order. The Clerk's Office shall not accept any other documents from Plaintiff until the Motion Pursuant to Court Order Seeking Leave to File is granted.

Accordingly, this action is dismissed. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[1] In addition, Plaintiff is permanently enjoined from filing additional actions or prosecuting additional actions in this Court without first obtaining leave of court as set forth in this Memorandum of Opinion and Order.

IT IS SO ORDERED.

                                              s/James G. Carr

                                              JAMES G. CARR
                                              UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.